**AMERICAN AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v DAYTON PARKING COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1953.   Decided November 29, 1947.

Joseph D. Chamberlain, Jr., Dayton, for plaintiff-appellee.
Coolidge, Becker & Wall, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the Municipal Court of Dayton, Ohio. The action was one for damages resulting to an automobile while in the custody of the defendant. The record discloses that on October 27, 1945, E. J. Kyle drove his automobile into the appellant's parking lot in the city of Dayton, Ohio. He left his car on the parking lot and at the same time paid the thirty cents to one of the appellant's employees and received a ticket which is designated as a "Claim Check", and which was submitted in evidence as "Plaintiff's Exhibit A." This claim check contained a number in large red figures and also the following in fine print:

"This ticket entitles the lessee to the use of one parking space between the hours of 8:00 A. M. and 6:00 P. M. on the day issued. Lessor will endeavor to protect the property of the lessee but will not be responsible for loss or damage to cars, articles left therein, or accessories by reason of theft,

accident, fire or otherwise. Attendants are on duty from 8:00 A. M. till 6:00 P. M. daily, except Sunday, and will park cars if desired."

When Kyle returned for his car later that day it was discovered that the car was gone. Later the same day, the car was found abandoned near Franklin, Ohio, in a damaged condition. Kyle recovered the car, had it repaired at a cost of $90.72, and was required to spend an additional sum of $9.38 which represented towing charges and taxicab fare in repossessing the automobile. Kyle was insured by the appellee and pursuant to the terms of the policy appellee paid Kyle the sum of $100.10 which was the amount of the actual damages as above stated. The appellee was subrogated under the terms of the policy and brought this action to recover the loss. The trial court rendered a judgment for the appellee for the full amount, which judgment was affirmed by the Court of Common Pleas.

The first assignment of error is that the judgment and finding of the Municipal Court is contrary to law and to the evidence. The appellant is seeking to escape liability by maintaining that the claim check is a lease which entitled Kyle to the use of one parking space in the appellant's parking lot.

The question for our consideration is the relationship of the parties to each other. The facts in this case are almost identical to those of **Agricultural Insurance Company v Constantine, 144 Oh St, 275,** with the exception of the contents of the claim check. The Court in this case held that the parking ticket which was delivered to the plaintiff was not binding upon her as a part of the contract. Bell, J., at page 280 says:

"The great weight of authority in this country is to the effect that a ticket, such as was delivered to this bailor, is a mere token for identification."

Kyle testified on direct examination that he had received the claim check for this very same reason. At page 10 of the record he was asked;

"Q. Did you receive that ticket as anything else but a claim check?
A. That I left my car there and that they had custody of my car."

The evidence discloses that Kyle's attention was never called to the printed matter on the ticket, that he never read it and was not aware of its contents.

We the therefore of the opinion that the relationship between Kyle and the appellant was at all times that of bailor and bailee and not that of lessor and lessee, and the under the legal principles announced in the **Contantine case, supra,** the judgment was not contrary to law.

The second assignment or error is that the judgment granted by the Municipal Court was excessive. The appellant is contending that the damages allowed by the trial court in excess of the cost of repairs were special damages which were not pleaded and therefore could not be proven. The items objected to were as follows:

| | |
|---|---|
| Bus fare, Dayton to Franklin | $ .63 |
| Taxi fare, Franklin to State Police Station | 5.00 |
| Towing charge | 3.75 |

We think these items were improperly admitted in evidence, that they are special damages which might not reasonably be expected to result from the principal damages such as complained of in this case. Being special damages they must be specially pleaded. See **13 O. Jur. 260, 25 Corpus Juris Sec. page 775.**

The judgment is affirmed but a remittitur for $9.38, being the total of the special damages allowed by the trial court.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.